UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION -SIOUX CITY


| | | |
|---|---|---|
| PEG BOUAPHAKEO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 507-cv-04009-JAJ-TJS |
| | ) | |
| vs. | ) | |
| | ) | |
| TYSON FOODS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS


1.    GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY;
      CAUTIONARY (Before Trial)

Ladies and Gentlemen: I will take a few minutes now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions -both those I give you now and those I give you later -are equally binding on you and must be followed.

This is a civil class and collective action case brought by the Plaintiffs and those similarly situated against Defendant, Tyson Foods, Inc.

A class and collective action is a lawsuit brought by one or more Plaintiffs on behalf of a large group of others who have a common legal claim. The Plaintiffs allege that Tyson failed to pay them for all of the time they spent working at the Defendant's meat processing facility in Storm Lake, Iowa. The Court has found that the Plaintiffs, also referred to as the Class Representatives, will adequately represent all Class members and that their claims are common and typical of all Class members.

Specifically, Plaintiffs allege that Tyson requires its production and support workers at its Storm Lake meat-processing plant to perform substantial amounts of work while "off-the-clock." This work

includes putting on and taking off work-related protective and sanitary equipment and gear, washing and sanitizing workers' equipment and themselves, sharpening knives, and the walking and waiting time that is required in performing these work activities. The Plaintiffs allege that Tyson requires its workers to perform these work duties after they get to work, but before their scheduled shifts, after their scheduled shifts, and during their lunch periods. The law requires that Tyson pay its hourly employees for all hours worked between their first principal activity of the day and their last principal activity of the day, except for *bona fide* lunch periods, and Plaintiffs allege that Tyson has not followed this law. Tyson denies Plaintiffs' allegations and asserts that it has adequately paid all wages owed to Plaintiffs and the Class.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the

evidence or what I think your verdict should be.[1]

---
[1] 8th CIR. CIVIL JURY INSTR. § 1.01 (2008) as modified).

## 2. EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated -that is, formally agreed to by the parties; and any facts that have been judicially noticed -that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1.  Statements, arguments, questions and comments by lawyers are not evidence.

2.  Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.  Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between

the weight to be given to direct and circumstantial evidence.[2]

---

[2] 8th CIR, CIVIL JURY INSTR.. § 1.02 (2008).

## 3. BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.[3]

---

[3] 8th CIR. CIVIL JURY INSTR. §1.03 (2008).

## 4. NO TRANSCRIPT AVAILABLE

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.[4]

---

[4] 8th CIR. CIVIL JURY INSTR. § 1.04 (2008).

## 5. CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third,* when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the deputy clerk or other court personnel.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case —you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side —even if it is simply to pass the time of day -an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not consult a dictionary, textbook or encyclopedia, go to the

Internet or consult any other source for information about some issue or person in this case. You must learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberation.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.[5]

---

[5] 8th CIR. CIVIL JURY INSTR. § 1.05 (2008).

## 6. OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the Plaintiffs' attorney may make an opening statement. Next, the Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Plaintiffs will then present evidence and counsel for the Defendants may cross- examine. Following the Plaintiffs' case, the Defendants may present evidence and Plaintiffs' counsel may cross-examine.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you hrther on the law. After that you will retire to deliberate on your verdict.[6]

---

[6] 8th CIR. CIVIL JURY INSTR. §1.06 (2008)

## 7. COMPANIES / CORPORATIONS AND AGENCY

The fact that a company or corporation is involved as a party in this case must not affect your decision in any way. A company or corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a company or corporation is involved, of course, it may act only through people as its employees; and, in general, a company or corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

A company or corporation acts only through its agents or employees and any agent or employee of a company or corporation may bind the company or corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the company or corporation.[7]

---

[7] 8th CIR. CIVIL JURY INSTR. §9.01 (2008) Solis v. Tyson Foods, Inc. No. 2:02-cv-01174-VEH ( N.D. Ala. Oct. 14, 2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 8. EXPERT WITNESSES GENERAL INSTRUCTION

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon that testimony.[8]

---

[8] *Solis v. Tyson Foods, Inc.,* No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 9. DUTIES OF JURY: RECESSES

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[9]

).

---
[9] 8TH CIR. CIVIL JURY INSTR. $2.01 (2008) (revised 2010).

## 10.    STIPULATED FACTS

The Plaintiffs and the Defendants have stipulated -that is, they have agreed -that certain facts are as counsel have just stated. You should, therefore, treat those facts as having been proved.[10]

---

[10] ·8TH CIR. CIVIL JURY INSTR.§2.03 (2008).

## 11. IMPEACHMENT OF WITNESS, PRIOR CONVICTION

You have heard evidence that witness_____ has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his/her testimony.[11]

"

---

[11] 8TH CIR. CIVIL JURY INSTR. § 2.09 (2008).

## 12. EXPLANATORY (At Close Of Trial)

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.[12]

---

[12] 8TH CIR. CIVIL JURY INSTR. § 3.01 (2008).

## 13. JUDGE'S OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

[During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.][13]

---

[13] 8TH CIR. CIVIL JURY INSTR. §3.02(2008)

## 14. CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail. [14]

---

[14] 8TH CIR. CIVIL JURY INSTR. § 3.03 (2008).

## 15. BURDEN OF PROOF

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. In order to find that a fact has been proved, you must find that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proved.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

In deciding whether any fact is more likely true than not true, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.[15]

---

[15] 8TH CIR. CIVIL JURY INSTR. § 3.04 (2008); *Solis v. Tyson Foods, Inc.*, No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 16. ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges -judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone -including me -how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be -that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are

ready to return to the courtroom.[16]

---

[16] 8TH CIR. CIVIL JURY INSTR. § 3.06 (2008).

## 17. THE FAIR LABOR STANDARDS ACT

The federal Fair Labor Standards Act (the "FLSA) is a federal statute that governs the failure to pay overtime compensation. Generally, under the FLSA employers must pay hourly employees the applicable minimum wage for each hour worked, and must pay 1%times the regular rate for all hours worked in excess of forty in one week.[17]

.

---

[17] *See* 8TH CIR. CIVIL PROPOSED JURY INSTR. P. 75 (2010); 29 U.S.C. § 201, *et* seq. The FLSA is a remedial statute that was enacted to eliminate "the existence .. . of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* §202(a); 206, 207.

## 18. FLSA DAMAGES

Backpay damages are calculated as the difference between what the employee should have been paid had the employer complied with the FLSA and the amount the employee actually was compensated.[18]

If you find that Plaintiffs have proven their claim under the FLSA, then you must turn to the question of damages. The FLSA requires that an employer maintain adequate and accurate payroll records of all hours worked. If you find that Tyson's records are inaccurate or inadequate, Plaintiffs will have carried their burden if they prove that the employees have in fact performed work for which they were improperly compensated and if Plaintiffs produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

The burden then shifts to Defendant to come forward with evidence of the precise amount of uncompensated work performed or with evidence to negate the reasonableness of the inference to be drawn from Plaintiffs' evidence. If Defendant fails to produce such evidence, you may then award damages to the employees even though those damages will only be approximate.

All uncompensated work should be taken into account in calculating damages. In accordance with the "continuous workday" principle, compensable time begins with the first principal activity of the day and ends with the last principal activity of the day, except for bona fide meal periods when the employees are completely relieved from duty.

---

[18] In addition, liquidated damages in an amount equal to the amount of backpay will be awarded unless the employer proves that it acted in good faith and had reasonable grounds for believing that it was not in violation of the FLSA. 29 U.S.C. §216(b); *Jarrett v. ERC Properties, Inc.,* 211 F.3d 1078, 1083 (8th Cir. 2000). The burden is on the employer to prove it acted in good faith. *Broadus v. O.K. Industries, Inc.,* 226 F.3d 937, 944 (8th Cir. 2000). **This determination is made by the court**. See *Braswell v. City of El Dorado,* 187 F.3d 954, 957 (8th Cir. 1999).

Thus, if you find that Plaintiffs have proven their claim, damages should be computed from the first principal activity, which Plaintiffs allege occurs at the employees' assigned locker, until the start of paid time. During the lunch period, damages should include all time that the employees worked but were not paid. At the end of the day, damages should be computed from the end of paid time until the last principal activity of the day, which Plaintiffs allege occurs at the employees' assigned locker.

The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work. Only if an employee worked more than 40 hours in a week is an employee owed overtime for that week.

An employee's "regular rate" during a particular week is the basis for calculating any overtime pay due for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, would be one and one-half of that rate and would be owed for each hour in excess of 40 hours worked during the work week.[19]

---

[19] 8th CIR. CIVIL PROPOSED JURY INSTR. P. 78 (2010) (as modified); *Solis v. Tyson Foods, Inc.,* No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14, 2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 19. FLSA STATUTE OF LIMITATIONS

Ordinarily, FLSA claims must be brought within two years. This is called the "statute of limitations." The statute of limitations is extended, however, to three years if it is proven that the employer "willfully" violated the law. A violation is "willfull" where the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the law.[20]

---

[20] 8th CIR. CIVIL PROPOSED JURY INSTR. P. 78 (2010) (as modified); see 29 U.S.C. §255(a); *McLaughlin v. Richland Stone Co.*, 486 U.S. 128, 133 (1988).

## 20. FLSA ELEMENTS

Your verdict must be for Plaintiffs and against Defendants on Plaintiffs' FLSA claim if all of the following elements have been proved to be more likely true than not true:

First, Plaintiffs were employed by Defendant on or after _____

Second, Plaintiffs were employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at $500,000; and

Third, Defendant failed to pay Plaintiffs overtime pay for all hours worked by Plaintiffs in excess of 40 in one or more workweeks.

The term "commerce" means any trade, commerce transportation, transmission or communication between any state and any place outside the state.

A person or enterprise is considered to have been "engaged in the production of goods" if the person or enterprise produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.[21]

---

[21] 8TH CIR. CIVIL PROPOSED JURY INSTR. P. 79 (2010) (as modified); *Solis v. Tyson Foods, Inc.,* No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14, 2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 21. FLSA – "HOURS WORKED" DEFINITION

The first issue you will have to decide is whether or not the activities at issue are "work." Under the FLSA, the phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business and controlled by the employer. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed.[22] Plaintiffs claim that the time spent on Tyson's premises putting on and taking off work-related protective and sanitary equipment and gear, washing and sanitizing workers' equipment and themselves, sharpening knives, and the walking and waiting time that is required in performing these everyday duties, are "work" under the FLSA for which they should be paid. Plaintiffs must prove that it is more likely true than not that these activities are work.

---

[22] 8TH CIR. CIVIL PROPOSED JURY INSTR. P. 80 (2010) (as modified); Solis v. Tyson Foods, Inc., No. 2:02-cv- 01 174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor). The FLSA does not define "work" but uses the term in its definition of "employ." See 29 U.S.C. § 254. Under the FLSA, "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g); see also 29 C.F.R. § 785.6. The "suffer or permit" test provides that time spent on a "principal activity" for the benefit of the employer, with the employer's knowledge, is considered to be hours worked and therefore is compensable. *Id.; see Blair v Wills,* 420 F.3d 823, 829 (81h Cir. 2005). An employer must know or have reason to believe that the employee is working. 29 C.F.R. § 785.1 1; see *Donovan v. Williams Chem. Co.,* 682 F.2d 185,188 (8th Cir. 1982). An employer who has such knowledge cannot passively allow an employee to work without proper compensation, even if the work has not been done at the request of the employer.

When deciding whether an activity is work, it makes no difference how easy or difficult the activity is, how long it takes, or whether it requires any exertion at all. Work includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace. For example, even time an employee spends waiting may work. In deciding whether the activity the activity is controlled by the employer you may consider: whether the employer's premises, or requires that the employee use the gear when performing their work on the line..

In deciding whether the activity is primarily for the benefit of the employer, you may consider whether the gear allows employees to perform the activity more efficiently; or whether laws or regulations required the particular activity.[23]

---

[23] 29 C.F.R., 785.7; *Tenn. Coal, Iron & RR v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944); *Armour & Co. v. Wantock*, 323 U.S. 126 (1944); *IBP v. Alvarez*, 546 U.S. 21, 25 (2005) (*Armour* "clarified that 'exertion' [I]s not a in fact necessary for an activity to constitute 'work' under the FLSA."); *DeAscencio v. Tyson Foods, Inc.*, 500 F 3d 361, (3rd Cir. 2007); *Davis v. Charoen Pokphand (USA), Inc.*, 302 F.Supp. 2d 1314 1233n.8 (M.D. Ala. 2004); *Chao v. Tyson Foods*, No. 2-1174, Mem. Op. & Order at 29 (Jan. 22, 2008) (work does not require exertion); *Anderson v Mt. Clemons Pottery Co.*, 328 U.S. 680, 690-91 (1946). The FLSA requires compensation for "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace."); *Solis v. Tyson Foods*, 02-CV-1174-VEH, Dkt No. 510 (N.D. Ala. Oct. 14, 2009); *Ballaris v. Wacker Siltronic Corp.*, 370 F 3d 901, 911-912 (9th Cir. 2004) (donning and doffing cleanroom "bunny suits" constitutes "work" under the FLSA); *Steiner v. Mitchell*, 350 U.S. 247 (1956) (changing clothing and showering for health reasons is compensable work and such reason directly benefit [the employers] in the operation of its business); *Barrentine v. Arkansas-Best Freight Sys.Inc.*, 750 F.2d 47, 50-51 (8th Cir. 1984) *(pre-trip safety inspections are work and primarily benefit the employer)*, *cert denied*, 471 U.S. 1054 (1985).

## *22.* FLSA -SUFFER OR PERMIT

When an employer knows or has reason to believe that work under the Fair Labor Standards Act is being performed, it is the responsibility of the employer to compensate employees for such work, even if that work was not specifically requested by the employer to be performed. An employer cannot sit back and accept the benefits of such work without compensating employees for it. It is the duty of management to exercise control and make sure that work is not performed if it does not want it to be performed. Even having a rule against performing work is not sufficient for management to avoid responsibility for paying for hours worked that it knew about or had reason to know about; rather, management has the power to enforce such **a** rule and must make every effort to do so.[24]

---

[24] [25] *Solis v . Tyson Foods, Inc.,* No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 23. FLSA –DETERMINING HOURS WORKED

In this case, you must determine the number of unpaid hours worked by Plaintiffs based on all of the evidence. The Defendants are legally required to maintain accurate records of its employees' hours worked. If you find that the Defendants failed to maintain records of the Plaintiffs' hours worked or that the records kept by the Defendants are inaccurate, you must accept Plaintiffs' estimate of hours worked, unless you find those estimates to be unreasonable.[25]

---

[25] 8TH CIR. CIVIL PROPOSED JURY INSTR. P. 81 (2010). The FLSA requires employers to "make, keep and preserve such records of the persons employed by him and of wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the U.S. Department of Labor's Wage and Hour Division] as he shall prescribe by regulation or order .. .." 29 U.S.C. §21 l(c). The U.S. Department of Labor's recordkeeping regulations may be found at 29 C.F.R. § 516. Where an employer has not kept adequate records of wages and hours, its employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole* v. *Alamo Foundation,* 915 F.2d 349,351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson* v. *Mt. Clemens Pottery Co.,* 328 U.S. 680,687-88 (1946)). The Plaintiffs bear the burden of proving the extent of any uncompensated work, but may satisfy that burden by 'Just and reasonable inference." *Anderson,* 328 U.S. at 687- 88. Once the Plaintiffs have produced such evidence of uncompensated work, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

## 24. F'LSA -CONTINUOUS WORKDAY

The continuous workday is the period between the commencement and the completion on the same workday of an employee's principal activity or activities (not counting time spent by employees during *bonafide* meal periods). In general, an employer is required to compensate its employees for their time, beginning when the employee performs the first principal activity of the workday.

Pre- and post-shift activities that are work and that are integral and indispensable to the production work performed by employees are considered principal activities.

Time spent after the employee engages in the first principal activity and before the employee finishes his or her last principal activity is part of a continuous workday and is all compensable under the Fair Labor Standards Act, unless it is otherwise excluded from compensation, as explained in these jury instruction.[26]

---

[26] *Solisv. Tyson Foods, Inc.,* No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor, as modified).

## 25. INTEGRAL AND INDISPENSABLE

The Plaintiffs must prove by a preponderance of the evidence that unpaid activities at question in this lawsuit are essential to their chicken processing work. If activities are essential then they are "integral and indispensable" under the FLSA. You may consider the following factors when deciding if an activity is integral and indispensable: (1) Whether the activity is required by the employer? (2) Whether the activity is necessary for the employee to perform his duties? (3) Whether the activity benefits the employer?

Integral and indispensable activities may be performed before or after the regular work shift, on or off the production line. They are performed as part of the regular work of the employee in the ordinary course of business. An employee can have more than one "principal activity." A principal activity need not be the most important activity the employee performs.

If an employee is required by (1) an employer, (2) the law, or (3) the nature of the work to change into protective or sanitary gear or equipment, clean or sanitize before beginning production line duties, and this activity benefits the employer, then the activity is integral and indispensable to the job. The employee would then be entitled to be paid beginning when the employee dons (or puts on) the first piece of gear or equipment.

An activity is required by the nature of the work if it is necessary for the employee to perform his or her duties. In determing whether the activity is required by the nature of the work, you may consider the environment in the plant: such as whether it is cold or wet. An activity may benefit the employer even where there is a benefit to the employee as well. Only activities which are the employees' own convenience, "not being required by the employer and not being necessary for the performance of their duties for the employer":are excluded from being integral and indispensable.

If the employee is required by the employer, by law or by the nature of the work to dispose or put away protective or sanitary clothing or eq2uipment and to wash or sanitize, paid time ends at the end of the day when the employee completes all these tasks.

When deciding whether an activity is required by the employer or necessary to perform the

employee's duties you should consider whether the employee is required to perform the activity at the plant and whether employees may be disciplined for failing to wear the protective or sanitary clothing or equipment.[27]

---

[27] 29 U.S.C. 254(a); 29 C.F.R. 790.7; 29 C.F.R. 790.8; *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956) (activities compensable whether before or after shift or off production line); *IBP v. Alvarez*, 546 U.S. 21, 32-33 (2005) (Court accepts lower courts' determinations that donning and doffing of clothing and gear in red meat and poultry plants were principal activities); 29 C.F.R. 790.8(c) n.65; *Dunlop v. City Elect., Inc.*, 527 F.2d 394, 398, 401 (5th Cir. 1976) (citations omitted) (§ 4 was intended to exclude from F.L.S.A. coverage only those activities 'predominantly...spent in [the employees ']own interests. No benefit may inure to the company. The activities must be undertaken 'for[the employees'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer."); *Bellaris v.Wacker Siltronic Corp.,* 370 F.3d 901 (9th Cir. 2004); *Burks v. Equity Group-Eufaula Division*, 2008 WL 3271905 (M.D. Ala. 2008) (donning and doffing clothing, cleaning and sanitizing in poultry plant integral and indispensalble); *Jordan v. IBP Inc..*, 542 F,Supp. 2d 790 (M.D. Tenn. 2008); *Spoerle v. Kraft Foods Global Inc.,* 527 F. Supp. 2d 2d 860 (W.D. Wis. 2007); *Tum v. Barber Foods*, 331 F.3d 1, 9 (lst Cir. 2004) (Donning an item of clothing includes obtaining it); *Dominquez v. Minnesota Beef Indus., Inc.*, No. 06-1002, slip op. at 1n.1 (Aug. 21, 2007)(same); *Wage and Hour Advisory Mem.* No. 2006-2, at 1 n.1 (May 31, 2006); *Kosakow v. New Rochelle Radiology Assoc.,* PC, 274 F.3d 706 (2d Cir. 2001) ("If the proper performance of [the employee's] job required the preparatory work to be completed when the first walk-in patient could potentially arrive, this time should have been counted, regardless of whether anybody specifically instructed them to arrive early.") (citing *Mitchell v. King Packing Co.,* 350 U.S. 260, 263 (1956) (knife sharpening done by knifemen at a meat packing plant was integral and indispensable to employees' principal activities because knives had to be "razor sharp" for proper performance of the work). *Dunlop*, 527 F. 2d at 400 n. 11 ("The fact that the employees too may have benefited" from these activities "is not inconsistent with the conclusion that the work was an integral and indispensable function of the defendant business.") *Steiner*, 350 U.S. at 251 (employees' showering at the end of the day was integral and indispensable to the employees' principal activities, as company foreman admitted that the shoering "protects the company and the employee both."); *Brock v. Mercy Hosp. & Med. Ctr.*, No. 84-1309, 1986 WL 12877, at *6 (S.D. Cal. 1986) (donning and doffing integral and indispensable); 93 *Cong. Rec.* at 2298 (1947) (a principal activity would be regarded as such, whether it took "15 or 10 minutes or five minutes or any other number of minutes."); 29 C.F.R. 785.19(a); *Ballaris*, 370 F. 3d at 911 (whether employees are allowed to wear items outside plant and will be disciplined for failing to wear them "weigh heavily in favor of a determination that the activity is not excluded by the Portal Act.").

Plaintiffs' No. 7 is a more accurate statement of the law than Defendant's No. 7 based on the authorities cited above. Further, Defendant's No. 7 is confusing by unnecessarily describing the Portal-to-Portal Act, rather than framing the instruction in terms of the Plaintiffs' burden of proof and the relevant factors to consider in evaluating whether Plaintiffs meet that burden. It also improperly seeks to establish a presumption that donning and doffing is not compensable. Finally, it incorrectly elevates the burden on the third factor to be considered by requiring that the employer be the "primary" beneficiary. Under *Dunlop v. City Elect. Inc.,* 527 F.2d 394, 398, 401 (5th Cir. 1976) the time is compensable unless the employee is the primary beneficiary. *Id.* (§4 was intended to exclude from F.L.S.A. coverage only those activities 'predominantly...spent in [the employee'] own interests.' No benefit may inure to the company. The activities must be undertaken 'for [the employee'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer.")

## 26. A DE MINIMIS DEFENSE.

Tyson Foods is required to pay for all compensable work unless it demonstrates by a preponderance of the evidence that the work is what is referred to as "de minimus."

The "de minimis" rule is concerned with the practical administrative difficulty of recording small amounts of time for payroll purposes. Employers must compensate employees for even small amounts of time, unless the time is so miniscule that it cannot as a practical administrative matter be recorded for payroll purposes Employes must compensate employees for even small amounts of time, unless the time is so miniscule that it cannot as a practical administrative matter be recorded for payroll purposes. When deciding whether time is de minimis, all of the compensable time that was not paid during the continuous workday, including walk time, should be added together and you should also consider the aggregate size of the claim as a whole.

The following factors are considered in determining whether work activities are "de minimis";

1.  The practical administrative difficulty of recording the uncompensated time;

2.  The aggregate amount of uncompensated time;

3.  The regularity of the uncompensated work.

Tyson Foods must prove this defense by a preponderance of the evidence.

This defenses applies only where there are uncertain and indefinite periods of time involved that are of short duration and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's regular working time that is regularly required to spend on assigned duties. There is no precise amount of time that may be denied compensation as "de minimis." No rigid rule can be applied with mathematical certainty. Rather, common sense must be applied to the facts of this case.[28]

---

[28] *Anderson v. Mt. Clemens Pottery Co.,* 680, 692 (1946) (time must be computed "in light" of the realities of the industrial world"); 29 C.F.R. 785.47; *Lindow v. U.S.,* 738 F.2d 1057, 1062-1063 (9th Cir. 1984) ("We will consider the size of the aggregate claim. Courts have granted relief for claims that might have been minimal on a daily basis but, when aggregated, amounted to a substantial claim"); *DeAscencio v. Tyson Foods Inc.,* 500 F. 3d 361 (3rd Cir. 2007) (district court must reconsider its failure to

## 27 FLSA -NO OFFSET

In accordance with the "continuous workday" principle, compensable time begins with the first principal activity of the day. Thus, at the beginning of the day, damages should be computed fi-om the first principal activity until the start of paid time. If you determine that employees were paid prior to the start of the production line, those payments should not reduce (or be offset against) the damages for any uncompensated time sought by the Plaintiffs for the period between the first principal activity and the start of paid time. [29]

Payments made for periods when work is not performed cannot be credited toward overtime compensation due under the FLSA. Thus, if you determine that employees were paid before the start of their first principal activity, or after the completion of their last principal activity, on a particular shift, those payments may not be used to reduce (or be offset against) the damges

---

combine the donning and doffing time with walking time); *Reich v. New York City Transit Authority,* 45 F.3d 361 (2nd Cir. 1995) (time spent should be considered in the aggregate; *Saunders v. Morrell & Co.,* 1992 WL 531674 (N.D. Iowa 1992) (finding 3 minutes cleaning safety equipment not de minimis); *Kosakow v. New Rochelle Radiology Associates, PC,* 274 F.3d 706, 719 (2d Cir. 2001) (work not *de minimis* because, *inter alia,* it was not performed on a regular basis, "few and far between"); *Glenn L. Martin Nebraska Co. v. Culkin,* 197 F.2d 981, 987 (8th Cir. 1952), rehearing denied, 344 U.S. 888 (1952) (working time of $1 a week is "not a trivial matter to a workingman" and was not de minimis); *Hawkins v. E.I. DuPont de Nemours & Co.,* 12 WGH Cases 448, 27 Lab. Cas., para. 69,094 (E.D. Va. 1955) (10 minutes a day is not de minimis).
    Plaintiffs' No. 9 provides a more accurate instruction on the *de minimus* defense that Defendant;s alternative. Defendant does not provide authority for including its additional two factors in interpreting the three recognized factors. Moreover, without any supporting authority, it seeks to change the factor regarding "practical administrative difficulty of recording the uncompensated time" to whether it was feasible "to *precisely* record that time." Further, it confuses defendant's obligation to record *actual* hours worked (unless it is not feasible to record and the time id deminimis) with the limitation on Plaintiffs' recovery when defendant has failed to pay for all hours worked, which focuses on the reasonable amount of time required. Lastly, it improperly seeks to tell the jury how to evaluate the evidence Tyson apparently plans to introduce regarding non-production time, improperly inserting a finding of fact that has not yet been made by the jury (that employees have been paid for non-production time which could be used for donning and doffing) into an instruct on law.

[29] IBP, Inc. v. Alvarez, 546 U.S. 21,29,37,40 (2005) ("[continuous workday rule] means that the 'workday' is generally defined as 'the period between the commencement and completion on the same workday of an employee's principal activity or activities,'" and includes walking and waiting time during the course of that day) (quoting 29 C.F.R. 790.6(b)); Alvarez v. IBP, Inc., 339 F. 3d 894,914 (9~ Cir. 2003) (agreeing "that the definition of 'work' is not fixed, in most instances, to an objective measure of 'reasonableness.'"); Anderson v. Perdue Farms, Inc., 2009 WL 653027, at *12-*13 (M.D. Ala March 10,2009) (adopting the "continuous workday" standard as set forth by the Supreme Court in Alvarez, and stating that it applies to any walking and waiting during that workday); De Asencio v. Tyson Foods, Inc., 500 F.3d 361,369-70,375 (3d Cir. 2007) (citing to the Supreme Court's decision in Alvarez with approval, and not considering "reasonableness" **as** a benchmark for determining whether activity engaged in during the continuous workday is compensable; specifically rejecting argument "that so-called 'additional' or 'extra' minutes, which Tyson claimed it gave certain workers some of the time as non-'work' compensation, was a defense under the FLSA for the compensated time"), cert. denied, 128 S. Ct. 2902 (2008); Bonilla v. Baker Concrete Construction, Inc., 487 F.3d 1340, 1342 (1 lth Cir.) (following Supreme Court's decision in Alvarez, and not applying "reasonableness" to determine compensable time during the continuous workday), cert. denied, 128 S. Ct. 813 (2007); Smith v Aztec Well Servicing Co., 462 F.3d 1274, 1289 (10' Cir. 2006) (same)

sought by the Plaintiffs.[30]

---

[30] Solis V. Tyson Foods, Inc., No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 12,2009) (approving offset jury instruction); 29 C.F.R. §778.216; De Asencio v Tyson Foods, Inc., 500 F.3d 361,369-70, 375 (3d Cir. 2007) (rejecting argument "that so-called 'additional' or 'extra' minutes, which Tyson claimed it gave certain workers some of the time as non- 'work' compensation, was a defense under the FLSA for the compensated time"), cert. denied, 128 S. Ct. 2902 (2008); Ballaris v Wacker Siltronic Corp., 370 F.3d 901,903,913-14 (9th Cir. 2004) (rejecting employer's argument that it could apply a paid lunch period as an "offset" for unpaid hours worked); Kasten v. Saint-Gobain Performance Plastics Corp., 556 F. Supp. 2d 941, 952-53 (W.D. Wis. 2008) (rejecting defendant's argument that any calculation of uncompensated work time for plaintiffs should be offset by any time for which plaintiffs were compensated but were not working); Agee v. Wayne Farms LLC, 626 F. Supp 2d 643,647 (S.D. Miss. 2009) (rejecting employer's argument that it could receive credit for payments made for non-work time against compensation due to employees under the FLSA).

Plaintiff 36

## 28. FLSA – WAITING TIME

Waiting time after the performance of the employee's first principal activity and before the performance of his last principal activity is compensable as part of the employee's "continuous workday."[31]

---

[31] IBP, Inc. v. Alvarez, 546 U.S. 21,39-40 (2005) (concluding that the First Circuit was incorrect in holding that pre- doffing waiting time was not compensable on the ground that it "qualified as a 'preliminary or postliminary activity'" and was thus excluded by the Portal Act; rather, "[blecause doffing gear that is 'integral and indispensable' to employees' work is a 'principal activity' under the statute, the continuous workday rule mandates that time spent waiting to doff [as opposed to time spent waiting to don in that case] is not affected by the Portal-to-Portal Act and is instead covered by the FLSA"); Anderson v. Perdue Farms,Inc., 2009 WL 653027, at *12-*13 (M.D. Ala. March 10,2009) (in fully adopting the continuous workday standard as set out in Alvarez, the district court stated that "under Alvarez, the same rule that applies to walking applies to waiting; if it occurs between the first and last principal activities, it is compensable") (citations omitted).

Plaintiff 37

## 29 FLSA -REPRESENTATIVE EVIDENCE

Both parties have presented various types of evidence, including documents and live testimony of hourly workers, supervisors, experts, and others. Not all affected employees need to testify in order for Plaintiffs to prove the violations of the Fair Labor Standards Act and be awarded back wages. Rather, if some employees testify about the activities they did, or the amount of unpaid time that Plaintiffs claim was compensable, other non-testifying employees who perform substantially similar activities are deemed to have shown the same thing by inference. This is called "representative testimony."

There is no bright-line as to the percentage of representative employees necessary; rather, the weight to be accorded the evidence is a function not of its quantity but of its quality -whether the testimony covers similarly situated workers, and is generally consistent. You may also consider whether the witnesses who testified worked in similar positions and similar departments as the non-testifying employees, whether they wore similar sanitary and protective items, whether the testifylng employees performed donning and doffing activities similarly to non-testifying employees, whether the witnesses who testified had the opportunity or ability to observe non-testifying employees, and whether there was evidence presented that either was consistent with or was inconsistent with the testimony of the testifylng witnesses.[32]

---

[32] *Solis v. Tyson Foods, Inc.*, No. 2:02-cv-0.1174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 30. FLSA -WAIVER PROHIBITED

Employees may not waive their rights under the Fair Labor Standards Act. This means that an employee does not lose any right he or she may have to back wages by failing to complain to his or her employer or by any other action.[33]

---

[33] *Solis v. Tyson Foods, Inc.,* No. 2:02-cv-01174-VEH *(N.D.*Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

## 31.   FLSA-OVERTIME COMPENSATION

An employer must pay overtime compensation in any workweeks in which an employee has more than 40 "hours worked," as defined in Instruction No. -. Overtime compensation must be paid at a rate of at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40. If the employee is employed solely at a single hourly rate, the hourly rate is his "regular rate of pay."[34]

---

[34] 8TH CIR. CIVIL PROPOSED JURY  INSTR. P. 84 (2010) (as modified).

Plaintiff 40

## 32. FLSA -WORKWEEK DEFINITION

In this case, the parties have stipulated -that is, they have agreed -that the workweek was from [day of week] at to [day of week].[35]

---

[35] 8TH CIR. CIVIL PROPOSED JURY INSTR. P. 85 (2010)

Plaintiff 41

## 33. FLSA -DAMAGES (ONLY HOURS WORKED SUBMITTED TO JURY)

If you find in favor of Plaintiffs on their FLSA claim, you must determine the amount of unpaid time (in hours or minutes) worked in each workweek by Plaintiffs.[36]

---

[36] 8TH CIR. CIVIL PROPOSED JURY INSTR. P. 100 (2010) (as modified).

## 35. FLSA -DEFENDANTS' STATE OF MIND

In considering whether Defendants violated the overtime provisions of the Fair Labor Standards Act, you should not consider Defendants' state of mind, beliefs, or knowledge of its obligations under the FLSA. These factors are not relevant to your determination of liability and should not affect your decision.[37]

---

[37] *Solis v. TysonFoods, Inc.*, No. 2:02-cv-01174-VEH (N.D. Ala. Oct. 14,2009) (jury instructions in donning and doffing case brought by United States Dept. of Labor).

**36.  FLSA -WILLFUL VIOLATION FOR PURPOSES OF DETERMINING THE STATUTE OF LIMITATIONS**

If you find in favor of Plaintiff on their FLSA claim, you must determine whether Defendants' failure to pay overtime was willful. Defendants' failure to pay overtime was willful if it has been proved that Defendants knew that their conduct was prohibited by the FLSA, or showed reckless disregard for whether its conduct was prohibited by the FLSA regarding overtime pay.[38]

---

[38] 8TH CIR. CIVIL PROPOSED *JURY* INSTR. P. 101 (2010).

37.  **PLAINTIFFS' CLAIM FOR VIOLATION OF THE IOWA WAGE PAYMENT COLLECTION LAW, IOWA CODE 91A.1, ET SEQ (FAILURE TO PAY ALL WAGES DUE TO ITS EMPLOYEES).**

The Iowa Wage Payment Collection Act is an Iowa State Law that requires employers to pay all wages due to its employees.  Iowa Code §91.A.3.  The Iowa Wage Payment Collection Act allows employees to collect wages owed to them by their employers.[39]  "Wages" means compensation owed by an employer for labor or services rendered by an employee, whether determined on a time, task, fees, commission or other basis of compensation.

Your verdict must be for Plaintiffs and against Tyson Foods on Plaintiffs' claims under the Iowa Wage Payment Collection Act if all of the following elements have been proved to be more likely true than not true:

First, that Plaintiffs were employed by Tyson Foods for wages on or after February 7, 2005;

Second, Tyson Foods was an employer subject to the Iowa Wage Collection Act.  Employer means a person who in this State employs for wages a natural person; and

Third, that Tyson Foods failed to pay Plaintiffs for all the time they spent putting on and taking off work related protective and sanitary equipment and gear, washing and sanitizing work-related sanitary equipment and gear and themselves, sharpening knives and the walking and waiting time that is required in performing these work activities.

---

[39] *Hornby v. State,* 559 N.W. 2nd 23, 26 (Iowa 1997)

## 38. PLAINTIFFS' CLAIM FOR LIQUIDATED DAMAGES (DOUBLING OF THE UNPAID WAGES) (ADVISORY)

The Fair Labor Standards Act provides that Plaintiffs are entitled to double the unpaid wages *if* it is found that Defendant has unlawfully failed to pay Plaintiffs all wages owed to them under the Fair Labor Standards Act. This doubling of the unpaid wages is known as "liquidated damages". ( 29 U.S.C. §260 )

An award of liquidated damages is mandatory unless the employer can show good faith *and* reasonable grounds for believing that it was not in violation of the Fair Labor Standards Act.[40] The employer bears the burden of proving both good faith and reasonableness. The burden is a difficult one, with damages being the norm and single damages the exception..[41]

The good faith requirement is a subjective standard where the employer must establish an honest intention to ascertain and follow the requirements of the Fair Labor Standards Act.[42] To carry the burden of proving good faith, an employer must show that they took affirmative steps to determine the requirements of the Fair Labor Standards Act but still violated its provisions.[43] To avoid a liquidated damages award, the employer must also prove that it acted objectively reasonable. An employer may not rely upon ignorance as a reasonable grounds for believing that its actions did not violate the Fair Labor Standards Act.[44]

---

[40] *Jarrett v. ERC Props., Inc.*, 211 F3d 1078, 1084 (8th Cir. 2000); *Chao v. Barbeque Ventures, LLC*, 547 F 3rd 938 (2008)
[41] *Herman v. RSRSEC. Servs, Limited* 172 F.3rd, 132, 142 (2nd Cir. 1999).
[42] *Hultgren, v. County of Lancaster*, 913 F 2nd , 498, 509 (8th Cir. 1990)
[43] *Martin v. Cooper Electrical Supply Company*, 940 F2nd, 896, 908 (3rd Cir. 1991)
[44] *Hulgren*, 913 F.2nd at 509; see also, *Martin*, 940 F 2nd at 908, quoting *Williams v. Tri-County Growers*, 747 F 2nd 121, 128 (3rd Cir. 1984)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION -- SIOUX CITY


PEG BOUAPHAKEO, et al.,              Case No. 5:07-cv-04009-JAJ-TJS

              Plaintiffs

Vs.

TYSON FOODS, INC.

              Defendant.


<u>PLAINTIFFS' PROPOSED VERDIT FORM</u>

We the members of the jury find from all the evidence as follows:


1.      Did the employees of Tyson Foods perform any compensable work for which they were not compensated?


        _____Yes                          _____No


2.      If you answered "yes" to question 1, was the uncompensated time, as a whole, *de minimis*?


        _____Yes                          _____No


3.      If you answered "yes" to question 1 and "no" to question 2, how much unpaid overtime does Tyson Foods owe to Plaintiffs?


        _____

                                _____
                                Foreperson

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Plaintiffs' Proposed Jury Instructions and Verdict Form to be served on the attorneys indicated below via the court's ECF system:

Allison Dana Balus
Baird Holm, LLP
1500 Woodmen Tower
Omaha, NE 68102

David J. Kramer
Baird Holm, LLP
1500 Woodmen Tower
Omaha, NE 68102

Evangeline C. Paschal
Hunton & Williams, LLP
1900 K. Street, NW
Washington, DC 20006

Heidi Ann Guttau-Fox
Baird, Holm, McEachen, Pedersen, Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

Michael J. Mueller
Hunton & Williams LLP
1900 K. Street, NW
Washington, DC

Steven D. Davidson
Baird, Holm, McEachen, Pedersen, Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

Richard J. Sapp
Nyemaster Goode
700 Walnut, Suite 1600
Des Moines, IA 50309-3899

This 7th day of October, 2010.

/s/Michael Hamilton