# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION - SIOUX CITY

| | |
|---|---|
| PEG BOUAPHAKEO, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. 5:07-cv-04009-JAJ-TJS |
| TYSON FOODS, INC. | ) |

## MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT ON ISSUES OF COMPENSABILITY, DE MINIMIS, WILFULNESS AND GOOD FAITH

Come the plaintiffs, who move for entry of an order precluding the defendant from introducing evidence or argument at the trial of this case on issues of compensability, *de minimis*, wilfulness and good faith. As grounds, plaintiffs state the following:

1. The issues of compensability and *de minimis* have already been determined for this plant in the prior injunctive proceeding brought by the Secretary of Labor in *Reich v. IBP, Inc.*, 820 F. Supp. 1315 (D. Kan. 1993). The permanent injunction entered regarding defendant's Storm Lake plant was as follows:

> On March 31, 1996, the Court issued its Memorandum and Order, holding that Defendant had violated and is continuing to violate the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201, *et seq.*

1

> Pursuant to that Memorandum and Order, it is hereby:
>
> ORDERED, ADJUDGED and DECREED that Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter called the Act, at its meatpacking establishments located in . . . Storm Lake, Iowa . . . , in any of the following manners:
>
> 1. Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of its employees . . . for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.
>
> * * *
>
> 3. It is further ORDERED that, within ten (10) days of the date of this Order, Defendant shall implement recordkeeping practices sufficient to record the time spent by each employee in performing the pre-shift and post-shift activities found to be compensable under the Act.

*Reich v. IBP, Inc.*, permanent injunction entered July 30, 1996; *see also Reich v. IBP, Inc.*, 1996 WL 137817 (D. Kan. 1996), *affirmed sub nom.*, *Metzler v. IBP, Inc.*, 127 F.3d 959 (10th Cir. 1997).

    2. The foregoing injunction is still in force and effect for the Storm Lake plant at issue in this case. The Supreme Court has held that "a party who has had issues of fact adjudicated adversely to it in an equitable action may be collaterally estopped from relitigating the same issues before a jury in a subsequent legal action

brought against it by a new party." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 324 (l979). Like here, the prior proceeding in that case was a government enforcement action in which the defendant had a full opportunity to defend on the issue for which it was collaterally estopped. The Court held that mutuality of estoppel was not required because it is irrelevant that the private plaintiffs seeking to benefit from collateral estoppel were not themselves bound by the prior determination. *Id.*

    3.    The foregoing permanent injunction entered against the defendant's operations at its Storm Lake plant was based on the following determinations for which the defendant should be collaterally estopped:

> a. That donning, doffing, washing, walking and waiting time is compensable for employees who use some combination of a mesh apron, a plastic belly guard, mesh sleeves or plastic arm guards, wrist wraps, mesh gloves, rubber gloves, polar sleeves, rubber boots, a chain belt, a weight belt, knife, saws, scabbards, or shin guards, including, but not limited to, while donning, doffing, washing or sanitizing one or more of such items, waiting for or picking up such items, walking from the lockers where such items are picked up to the work station, waiting at the work stations, and walking from the work stations to the locker room or other areas where such items are stored or deposited.
>
> b. That such activities were *de minimis*.

    4.    As shown in the permanent injunction quoted above, the management

of the Storm Lake plant at issue in this case has been enjoined to treat the foregoing activities as compensable and to maintain adequate records of the time spent by employees in performing such activities. For this reason, the defendant should be collaterally estopped from denying that one or more of such compensable activities commences the "continuous work day" that makes all activities performed during such day compensable. *IBP v. Alvarez,* 546 U.S. 21, 29 n.3 (2005) ("'Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked.'", quoting 29 C.F.R. § 790.6(a)); *see also id.* at 38 (holding that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is . . . covered by the FLSA.").

5.  The foregoing injunction should also be held to collaterally estop the defendant from litigating the issues of wilfulness and good faith. Once the defendant was permanently enjoined from failing to treat the foregoing activities as compensable and to maintain adequate records of the time that employees spend performing such activities, it should be estopped from litigating whether its failure to compensate all such time was wilful or in good faith. It is undisputed that the defendant has not paid the number of minutes found to be necessary to perform the

4

activities that it was enjoined to compensate in *Reich*, *supra*.

>Respectfully submitted,
>
>/s/ Robert L. Wiggins, Jr.
>Robert L. Wiggins
>Candis A. McGowan
>WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
>The Kress Building
>301 19th Street North
>Birmingham, Alabama 35203
>(205) 314-0500
>(205) 254-1500 (facsimile)
>
>BRIAN P. MCCAFFERTY
>Kenney & McCafferty
>3031 C Walton Road, Suite 202
>Plymouth Meeting, P A 19462
>(610) 940-0327
>(610) 940-0284 (facsimile)
>
>MICHAEL HAMILTON
>Provost Umphrey Law Firm, LLP
>2021 Richard Jones Road, Suite 300
>Nashville, TN 37215
>(615) 242-0199
>(615) 256-5922 (facsimile)
>
>ROGER K. DOOLITTLE
>460 Briarwood Drive, Suite500
>Jackson, MS 39206
>(601) 957-9777
>(601) 957-9779 (facsimile)
>
>Attorneys For Plaintiffs

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel via electronic mail delivery of same, properly addressed, to the following:

Allison Dana Balus
Baird Holm, LLP
1500 Woodmen Tower
Omaha, NE 68102

David J. Kramer
Baird Holm LLP
1500 Woodmen Tower
Omaha, NE 68102

Evangeline C. Paschal
Hunton & Williams, LLP
1900 K. Street, NW
Washington, DC 20006

Heidi Ann Guttau-Fox
Baird, Holm, McEachen, Pedersen, Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

Michael J. Mueller
Hunton & Williams LLP
1900 K. Street, NW
Washington, DC 20006

Steven D. Davidson
Baird Holm McEachen Pedersen Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

This 7th day of October, 2010.

/s/ Robert L. Wiggins, Jr.
OF COUNSEL