# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION - SIOUX CITY

| | |
|---|---|
| PEG BOUAPHAKEO, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil No. 5:07-cv-04009-JAJ-TJS |
| TYSON FOODS, INC. | ) |

### AMENDMENT TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT ON ISSUES OF COMPENSABILITY, DE MINIMIS, WILFULNESS AND GOOD FAITH

Plaintiffs hereby amend their *Motion in Limine to Preclude Evidence or Argument on Issues of Compensability and De Minimis, Wilfulness and Good Faith* filed October 7, 2010 (Dkt. 154), as follows:

1. In light of the defendant's October 7, 2010 withdrawal of any contention that the limitations period is less than three years or that the violation alleged in this case was not wilful or lacking in good faith, plaintiffs withdraw that part of their motion in limine seeking to preclude the defendant from offering evidence or argument on the issues of wilfulness and lack of good faith set forth in paragraph 5 of such motion (Dkt. 154).

2. In light of defendant's newly filed motion in limine to exclude evidence

1

or argument that the "K-Code" minutes paid for the activities at issue increased from 4-7 minutes to 20-26 minutes per day in June 2010, plaintiffs' amend their motion in limine to seek exclusion of any evidence or argument that such change was a voluntary remedial measure or anything other than direct, involuntary compliance with the dictates of the permanent injunction quoted in paragraph 1 of plaintiffs' motion in limine. (Dkt. 154). For the reasons given in such motion, the defendant should be collaterally estopped from denying that the "K-Code" minutes for the activities at issue are paid pursuant to the direct terms of such injunction which mandates that the defendant "implement recordkeeping practices sufficient to record the time spent by each employee in performing the pre-shift and post-shift activities found to be compensable under the Act." *Reich* injunction ¶3, entered July 30, 1996; *See also Reich v. IBP, Inc.,* 1996 WL 137817 (D. Kan. 1996), *affirmed sub nom.*, *Metzler v. IBP, Inc.*, 127 F.3d 959 (10th Cir. 1997).

3. Plaintiffs' motion in limine otherwise remains unchanged from what was originally stated in docket no. 154.

                              Respectfully submitted,

                              /s/ Robert L. Wiggins, Jr.
                              Robert L. Wiggins
                              Candis A. McGowan
                              WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
                              The Kress Building

301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)

BRIAN P. MCCAFFERTY
Kenney & McCafferty
3031 C Walton Road, Suite 202
Plymouth Meeting, P A 19462
(610) 940-0327
(610) 940-0284 (facsimile)

MICHAEL HAMILTON
Provost Umphrey Law Firm, LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
(615) 242-0199
(615) 256-5922 (facsimile)

ROGER K. DOOLITTLE
460 Briarwood Drive, Suite500
Jackson, MS 39206
(601) 957-9777
(601) 957-9779 (facsimile)

Attorneys For Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel via electronic mail delivery of same, properly addressed, to the following:

Allison Dana Balus
Baird Holm, LLP
1500 Woodmen Tower
Omaha, NE 68102

3

David J. Kramer
Baird Holm LLP
1500 Woodmen Tower
Omaha, NE 68102

Evangeline C. Paschal
Hunton & Williams, LLP
1900 K. Street, NW
Washington, DC 20006

Heidi Ann Guttau-Fox
Baird, Holm, McEachen, Pedersen, Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

Michael J. Mueller
Hunton & Williams LLP
1900 K. Street, NW
Washington, DC 20006

Steven D. Davidson
Baird Holm McEachen Pedersen Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

This 8th day of October, 2010.

                                              /s/ Robert L. Wiggins, Jr.
                                              OF COUNSEL