UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION -- SIOUX CITY

PEG BOUAPHAKEO, et al.,   Case No. 5:07-cv-04009-JAJ-TJS

    Plaintiffs

Vs.

TYSON FOODS, INC.

    Defendant.

## PLAINTIFFS' TRIAL BRIEF

Plaintiffs Peg Bouaphakeo, et al., respectfully submit the following Trial Brief addressing legal issues that may arise at the trial.

**I.    JURISDICTION**

Defendant Tyson does not appear to be contesting this Court's jurisdiction in this matter, but if the issue arises, it should be noted that this Court (per Judge Bennett) has already ruled that it has subject matter over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and subject matter jurisdiction over Plaintiffs' state law claims pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)(2). Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp. 2d 870, 879 (N.D. Iowa 2008).

**II.    STATE LAW CLAIM UNDER IOWA WAGE PAYMENT COLLECTION LAW**

Plaintiffs' sole state law claim is brought pursuant to the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code §91.A.1, et seq. This Court (per Judge Bennett) has held pertaining to the IWPCL that: "While the FLSA prescribes exactly what kind of wages must be paid, see 29 U.S.C. §§ 206, 207, the IWPCL simply requires that an employer 'pay all wages due its employees,' Iowa Code §91.A.3 . Thus the FLSA may be used to establish an employee's right

to a certain amount of wages under IWPCL and an employer's violation of the IWPCL for not paying "all wages due its employees. Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp. 2d 870, 883 (N.D. Iowa 2008). This Court has also already held (per Judge Bennett), that Plaintiffs' IWPCL claim is "duplicative" of Plaintiffs' federal Fair Labor Standards Act claim. Id., 564 F.Supp. 2d at 884 (citing Bartleson v. Winnebago Indust., Inc., 219 F.R.D. 629, 634 (N.D. Iowa 2003).

## III. FEDERAL LAW CLAIM UNDER FAIR LABOR STANDARDS ACT

Plaintiffs' federal law claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. The FLSA provides employees the right to a minimum wage and overtime pay for all hours worked over 40 hours per week. See, 29 U.S.C. §§ 206, 207. Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp. 2d 870, 883 (N.D. Iowa 2008). The FLSA also provides that an action to recover damages may be brought in any federal or state court "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

## IV. RELATIONSHIP BETWEEN FEDERAL AND STATE CLAIMS

This Court (per Judge Bennett) has already held that there is no federal preemption or other obstacle to Plaintiffs' federal and state law claims proceeding in the same case. Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp. 2d 870, 884 (N.D. Iowa 2008). The FLSA has a savings clause that permits states to provide greater benefits or rights beyond what the FLSA provides. Id., citing 29 U.S.C. § 218(a).

## V. DEFENDANT'S DE MINIMIS DEFENSE

The Supreme Court has previously recognized that employers do not need to pay employees for otherwise compensable time if that time is "de minimis." Anderson v. Mt.

2

Case 5:07-cv-04009-JAJ   Document 176   Filed 10/21/10   Page 2 of 7

Clemens Pottery Co., 328 U.S. 680, 692 (1946)("When the matter at issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded.") Pursuant to the DOL's implementing regulation, the narrow "de minimis" exception "applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where failure to count such time is due to considerations justified by industrial realities." 29 C.F.R. 785.47 (emphasis added). If it is feasible for the employer to record the time, then the employer cannot escape liability for paying its employees for this time by relying on the de minimis rule. See Id. ("An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.").

Courts generally weigh three factors in determining whether a claim is too small for recovery and de minimis: (1) the practical administrative difficulty in recording the time, (2) the size of the aggregate claim, and (3) the regularity of the additional work. Lindow v. United States, 738 F.2d 1057, 1063 (9th Cir. 1984).

The de minimis rule does not apply where the activities at issue are regular, recurring events that employees perform each and every day. See Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 719 (2d Cir. 2001)(no de minimis defense where employee needed to arrive 15 minutes early each day).

## VI. DEFENDANT'S DEFENSE UNDER THE PORTAL-TO-PORTAL ACT, 29 U.S.C § 254

The Portal-to-Portal Act was implemented in 1947 to exclude from compensability two activities that had been treated as compensable under Supreme Court law prior to 1947: walking

on the employer's premises to and from the actual place of performance of the principal activity of the employee, and activities that are preliminary or postliminary to that principal activity. IBP v. Alvarez, 546 U.S. 21, 26-27 (2005).

The unanimous Supreme Court in Alvarez reiterated its long-held view that any activity that is integral and indispensable to a principal activity is itself a principal activity, and therefore, compensable under the FLSA. Alvarez, 546 U.S. at 37. As applied to the meat processing industry, the Supreme Court specifically held that the donning and doffing of required sanitary and safety equipment is integral and indispensable to meat processing workers' principal work activities, and that such activities were compensable and could commence and conclude the continuous workday. Alvarez, 546 U.S. at 32-33.

## VII. LIQUIDATED DAMAGES UNDER FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act provides: "An employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## VIII. ATTORNEYS' FEES UNDER FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act provides: "The Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## IX. ATTORNEYS' FEES AND LIQUIDATED DAMAGES UNDER IOWA WAGE PAYMENT COLLECTION LAW

The Iowa Wage Payment Collection Law provides: "When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to

section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses" Iowa Code §91.A.8

Respectfully submitted,

/s/ Brian P. McCafferty

BRIAN P. MCCAFFERTY
Kenney & McCafferty
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
(610) 940-0327 (phone)
(610) 940-0284 (fax)
cafstar@aol.com

ROBERT WIGGINS
CANDIS MCGOWAN
JACOB KISER
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (facsimile)

MICHAEL HAMILTON
Provost Umphrey Law Firm, LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
Phone: (615) 242-0199
Facsimile: (615) 256-5922
E-mail: mhamilton@provostumphrey.com

ROGER K. DOOLITTLE
460 Briarwood Drive, Suite 500
Jackson, MS 39206
Phone: (601) 957-9777

Facsimile: (601) 957-9779
E-mail: rogerkdoolittle@aol.com

Attorneys for Plaintiffs

Dated: October 21, 2010

# **CERTIFICATE OF SERVICE**

I, Brian P. McCafferty, hereby certify that on October 20, 2010, I electronically filed the foregoing Plaintiffs' Trial Brief with the Clerk of Court using the CM/ECF system which sent notification of such to the following counsel for Defendant Tyson pursuant to the ECF System:

>Heidi Guttau-Fox, Esq.
>Michael J. Mueller, Esq.
>Alison D. Balus, Esq.
>Evangeline Paschal, Esq.

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

>None.

>/s/ Brian P. McCafferty
>_____
>Brian P. McCafferty

Dated: October 21, 2010