IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PEG BOUAPHAKEO, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC.,<br><br>Defendant. | No. 5:07-cv-04009-JAJ<br><br><br><br>**ORDER** |

This matter comes before the court pursuant to Plaintiffs' Motion in Limine [Dkt. No. 150], Motion in Limine to Preclude Evidence or Argument on Issues of Compensability, De Minimis, Willfulness and Good Faith, [Dkt. No. 154 as amended Dkt. No. 157], Defendant's Motion in Limine to Exclude Certain Evidence [Dkt. No. 155], Defendant's Motion in Limine to Exclude Outside the Relevant Time Period [Dkt. No. 156], Plaintiffs' Motion in Limine to Exclude Evidence of Paid Break Periods [Dkt. No. 194], Plaintiffs' Motion to Allow A Trial Deposition of Dr. Adams and Withdrawal of their Motion in Limine to Exclude Dr. Adams [Dkt. No. 196], and Defendant's Motion in Limine [Dkt. No. 197]. Many of the issues in the motions in limine can be ruled upon without extensive comment. Such rulings are found in the tables below. Others require additional elaboration.

In its October 7, 2010, Motion in Limine on the issues of compensability, de minimis, willfulness and good faith [Dkt. No. 154], the plaintiffs continue to contend that the issues regarding compensability and the de minimis defense have already been determined for the plant at issue in this case in Reich v. IBP, Inc., 820 F. Supp. 1315 (D. Kan. 1993). *See also* Reich v. IBP, Inc., 1996 WL 137817 (D. Kan. 1996) In Reich, the

court did not find the time for donning and doffing items not unique to the meat packing industry to be compensable so it did not have to rule on whether that time was de minimis. The court concluded with an injunction that simply obligated IBP to obey the law. It further ordered IBP to implement record keeping practices sufficient to record time spent by each employee in performing the pre-shift and post-shift activities found to be compensable under the Fair Labor Standards Act. The compensability and de minimis issues in this case have not been resolved.

Given the fact that willfulness and good faith are not at issue in this case, it is inappropriate to admit the Reich injunction as an exhibit. From the positions taken by the plaintiffs in their motions in limine, it appears that they will argue to the jury that this case has already been decided against Tyson. It has not. Admitting the injunction into evidence will require testimony and exhibits concerning the Kansas decision. The decision was almost ten years prior to the Supreme Court's decision in IBP v. Alvarez, 546 U.S. 21 (2005). Plaintiffs' Motion in Limine to preclude evidence on the issues of compensability and the de minimis defense [Dkt. No. 154] is denied.

|   | Docket No. 150 – Issue | Ruling |
|---|---|---|
| 1. | Arrest of Conviction of plaintiffs or class members | Denied. Court will follow Fed. R. Evid. 609. |
| 2. | Evidence of financial difficulty, plaintiffs or class members | Granted. |
| 3. | Evidence of practices at other plants | Ruling reserved. Generally the focus of this case will be on practices at this plant. Evidence of practices at other plants will be strictly reviewed for relevance and unfair prejudice. |
| 4. | Evidence of disciplinary actions taken against plaintiffs or other witnesses | Denied. This evidence may be reflective of a potential for bias. |
| 5. | "Industry Practice" evidence | See #3 above. |

2

| | **Docket No. 150 – Issue** | **Ruling** |
|---|---|---|
| 6. | Evidence that class members failed to complain | Denied. The plaintiffs can be asked about their motivation for bringing this action. |
| 7. | Evidence that defendant pays overtime pay | Denied. |
| 8. | Defendant's expert testimony on plaintiffs' loss of wage | Denied as moot. Defendants will not offer this evidence. |
| 9. | Dr. Paul Adams "elemental analysis" | Denied as moot. |
| 10. | Size of opt-in letter | Denied. |
| 11. | Circumstances under which plaintiffs employed a lawyer | Granted. |
| 12. | Discussion about discovery phase of case-objections | Granted. |
| 13. | References to absent witnesses | Ruling reserved. It depends on why they are absent and what their testimony would have been. |
| 14. | Calling of witnesses by defendant that defendant refuses to produce for plaintiff | Denied. There is no authority for this. |
| 15. | Testimony from plaintiffs' counsel | Granted. |
| 16. | Witnesses listening to other witnesses' testimony | Granted. Fed. R. Evid. 615 |
| 17. | Witnesses not disclosed during discovery | Denied. This should have been resolved at the final pretrial conference to the extent that there are issues such as these. |
| 18. | Attorneys fees | Granted. |
| 19. | Settlement negotiations | Granted. |
| 20. | References to other donning and doffing litigation | Denied. May be relevant to cross-examination of experts. |
| | **Docket No. 155 – Issue** | **Ruling** |
| 1. | References tending to equate Tyson Foods with IBP | Granted. The jury can learn that this plant was formerly owned by IBP and that Tyson bought IBP. Any implication that Tyson is or was IBP is improper. |

| | **Docket No. 155 – Issue** | **Ruling** |
|---|---|---|
| 2. | Evidence of other pending FLSA actions, verdicts, settlements, offers, and consent decrees. | Granted. The Reich injunction is not admissible because the defendant does not maintain a willfulness or good faith defense. The defendant will not be permitted to defend against the compensability issues (unique items) resolved in Reich but can litigate who is entitled to this compensation and how long it takes to don and doff the protective gear. Reich also did not resolve defendant's de minimis defense.<br><br>The Solis consent decree is not admissible because:<br><br>1. Fed. R. Evid. 408 generally states that such evidence is inadmissible.<br>2. It did not involve a pork producing facility and not the same protective clothing.<br>3. It did not involve the Storm Lake facility.<br>4. It was for a different time period.<br>5. It was a settlement in which the defendant expressly denied liability.<br>6. The defendant does not contest willfulness or good faith.<br>7. Explanation of this matter could cause confusion or divert the jury from the key issues at this trial. Fed. R. Evid. 403. |
| 3. | Evidence from other Tyson facilities | Ruling is reserved. |
| 4. | Evidence of defendant's financial condition or comparative economic status of parties | Ruling is reserved. Plaintiffs may argue that the defendant has a financial motive for its decisions. Appeals to sympathy based on comparative economic status are improper. |

| | **Docket No. 155 – Issue** | **Ruling** |
|---|---|---|
| 5. | References to immigrant status of workers and investigations of Tyson for its hiring practices | Granted. |
| 6. | Characterization of the work as (a) grueling and dangerous and (b) low wages | The nature of the work can be described in detail. The nature of the work will show who benefits from protective gear. Argument can be made based on the evidence and reasonable inferences arising from it. The wage rate is not an issue in this case and so argument characterizing it as low is improper. |
| 7. | USDA and OSHA reports | Ruling is reserved. |
| 8. | Reports of production performance | Ruling is reserved. |
| 9. | Withdrawal of defenses | Granted. |

| | **Docket No. 197 – Issue** | **Ruling** |
|---|---|---|
| 1. | Department of Labor opinions | Objections to plaintiffs' Exhibits 172 and 240 are sustained. The exhibits invade the province of the court. They do not contain any factual findings regarding the Storm Lake plant. They are statements of legal opinion, similar in status to the Code of Federal Regulations. The court will give deference to the DOL opinions but not recognize them as evidence for the jury. Willfulness and good faith are not issues in this case. |
| 2. | Employee Injury and Workers' Compensation Claims | Ruling is reserved. The manner in which employees get hurt may help determine who receives the primary benefit from certain items at issue herein. Particular injuries may or may not advance that theory. |

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude Outside the Relevant Time Period [Dkt. No. 156] is granted as to part 1, part 2 is denied as moot; Plaintiffs' Motion in Limine to Exclude Evidence of Paid Break Periods [Dkt. No. 194] is denied; and Plaintiffs' Motion to Allow A Trial Deposition of Dr. Adams and Withdrawal of their Motion in Limine to Exclude Dr. Adams [Dkt. No. 196] is denied.

**IT IS SO ORDERED**.

**DATED** this 8th day of September, 2011.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA