# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION - SIOUX CITY

| | |
|---|---|
| PEG BOUAPHAKEO, et al., | ) |
|     Plaintiffs, | ) |
| v. | )    Civil No. 5:07-cv-04009-JAJ-TJS |
| TYSON FOODS, INC. | ) |
|     Defendant. | ) |

## PLAINTIFFS' OBJECTION TO COURT'S PROPOSED PRELIMINARY INSTRUCTION TO THE JURY NO.1

The Court has requested the parties to identify any part of the proposed *Preliminary Instructions To The Jury* which they oppose. Plaintiffs agree with all of the instructions except part of the third and fourth paragraphs of Preliminary Instruction no. 1. Plaintiffs object to the following sentences in the fourth paragraph of Preliminary Instruction no. 1:

> Among other things, you will be asked to decide whether putting on and taking off and washing certain items constitutes work for which employees must be paid. In deciding whether the plaintiffs are entitled to compensation for such actions, some of the things you will be asked to decide are whether the action is required by and primarily benefits Tyson, whether the action is "integral and indispensable" to a "principal activity,". . . .

*Preliminary Instructions To The Jury No. 1* at p. 3 (circulated by Court September 7, 2011).

This instruction is in conflict with the substantial body of precedent which holds that whether particular activities constitute "work" covered by the FLSA or a "principal activity" covered by the Portal Act are questions of law to be decided by the Court, not a jury. *Birdwell v. City of Gadsden*, 970 F.2d 802, 807 (11th Cir. 1992) ("Whether a certain set of facts and circumstances constitute work

1

for purposes of the FLSA is a question of law."); *Holzapfel v. Town of Newburgh, NY*, 145 F.3d 516, 521-522 (2nd Cir. 1998) ("[T]he trial judge was responsible for determining as a matter of law whether plaintiff's activities could potentially constitute 'work.'"); *Ballou v. General Elec. Co.*, 433 F.2d 109, 111 (1st Cir. 1970) ("Though it may be complex, the issue whether or not the [activity] was an "integral and indispensable part" of appellants' principal activity is not, as appellants suggest, a factual one. It is a question of law. * * * [T]he issue was not one of factual inferences to be decided by a jury." ); *Bright v. Houston Northwest Medical Center Survivor, Inc.*, 934 F.2d 671 (5th Cir.1991) (en banc); *Berry v. County of Sonoma*, 30 F.3d 1174, 1180 (9th Cir. 1994) ("[W]hether . . . employees' personal activities . . . would be considered compensable overtime under the FLSA is a question of law.").

The Eighth Circuit has held in a similar vein that "[t]he amount of time an employee works and the duties he or she performs present factual questions" for the jury, but "the ultimate question of whether an employee falls within the FLSA's protection is a question of law." *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997); *see also Spinden v. GS Roofing Co., Inc.*, 94 F.3d 421, 426 (8th Cir. 1996) ("The ultimate question, however, of 'whether employees' particular activities excluded them from the overtime benefits of the FLSA is a question of law . . . governed by the pertinent regulations promulgated by the Wage and Hour Administrator.'"); *Donovan v. Weber*, 723 F.2d 1388, 1391-1392 (8th Cir. 1984)("The determination of enterprise coverage under the FLSA is one that must be resolved on the facts of each case, but is nevertheless a question of law."); *Walton v. Greenbrier Ford*, 370 F.3d 446, 450 (8th Cir. 2004); *Stewart v. Paffford Ambulance Svc., Inc.*, 2001 U.S. App. LEXIS 14418, *2 (8th Cir. 2000).

The Supreme Court has also mandated that "[t]he question whether . . . particular activities

[are] excluded from the overtime benefits of the FLSA is a question of law" for the court, while the underlying question of whether the plaintiffs actually performed such activities "is a question of fact." *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

Plaintiffs' *Trial Brief* sets forth the basis for this distinction between what is to be decided by the Court as a matter of law and what is to be decided by the jury as a matter of fact. *See* Doc. 239 at 2-13. Tyson's response to that brief does not take issue with any of the forgoing precedent that requires the Court to decide the issue of compensability as a matter of law. *See* Doc. 241. Tyson mentions not a single case in its response. It argues instead that the Court has already decided that there is a genuine issue of material fact that the jury must decide. Doc. 241 at 2. That is not the issue, however. Plaintiffs agree that the jury is to resolve disputed facts, but not the ultimate issue of compensability which must be decided by the Court as a matter of law. "It is for the court to determine if a set of facts gives rise to liability; it is for the jury to determine if those facts exist." *Birdwell*, 970 F.2d at 808. The summary judgment ruling in this case merely held that the Court could not decide the issue of compensability on the summary judgment record it had before it, not that it will never decide whether the activities at issue are compensable as a matter of law once the jury resolves whatever disputed facts are still genuinely in dispute. "Once the scope of an employee's duties is established [by the jury], 'the question whether their activities excluded them from the overtime benefits of the FLSA is a question of law" for the Court. *Scott v. SSP America, Inc.*, 2011 U.S. Dist. LEXIS 32819, **20-21 (E.D. N.Y. 2011) (quoting *Icicle Foods*, 475 U.S. at 714); *see also Spinden v. GS Roofing Products Co.*, 94 F.3d 421, 426 (8th Cir. 1996).

To accomplish this bifurcated decisionmaking, the Court should decide the issue of what activities are compensable as a matter of law at Stage I of a bifurcated trial based on the parties'

stipulated facts set forth in the Pretrial Order. If the Court determines beforehand that there is a particular fact that is essential to such determination which has not been stipulated, the jury should determine that particular subsidiary fact at Stage I and then immediately return to hear evidence at Stage II on: (1) whether the activities the Court finds to be compensable at Stage I are *de minimis*; and (2) the amount of backpay due for such compensable activities.

Unlike at summary judgment, the Court must determine compensability as a matter of law even if there are disputed issues of material fact that must first be determined by the jury. Juries are limited to the subsidiary factual question of what duties the plaintiffs perform (assuming that the parties have not already stipulated to such duties or their ultimate compensability, which is the case here). *Icicle Seafoods*, 475 U.S. at 714; *Reich v. Stewart*, 121 F.3d at 404; *Birdwell*, 970 F.2d at 808; *United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1117 (10th Cir. 1999) (noting that the precise nature of the employees' duties is a question of fact, while the application of the FLSA to those duties is a question of law); *Holzapfel*, 145 F.3d at 521.[1] There are no such subsidiary facts for the jury to decide on the issue of compensability in this case because Tyson has stipulated that most of the activities at issue are, in fact, compensable. *See Stipulation* nos. 25, 34 & 39 (Doc. 160-1).

Preliminary Instruction no. 1 is also inconsistent with the parties' Stipulation no. 25 which

---

[1] Unlike at summary judgment, at trial the Court will have the parties' stipulations of fact which afford a sufficient basis to decide the issue of compensability as a matter of law. The Court did not have the benefit of the foregoing stipulations when it found genuine issues of material fact based on the *pre-stipulation* summary judgment record submitted in this case in July 2010. The parties' summary judgment briefs and submissions were filed well *before* such stipulations were agreed to in the parties' proposed Pretrial Order. *Compare* Doc. nos. 123-129 (summary judgment submissions) *with* Doc . 160-1 (stipulations in proposed Pretrial Order) *and* Doc. 229 (Order adopting Doc. 160-1). Other Courts that have found a genuine issue of material fact have also not had the benefit of the facts stipulated in this case in the Pretrial Order (Doc. 160-1).

establishes that "[t]he parties agree that donning, doffing and rinsing the following items is compensable: mesh apron, belly guard, steel, scabbard, mesh glove, Polar glove, Polar sleeve, plexiglass arm guard, mesh sleeve, and membrane skinner gloves." (Doc. 160-1).

The instruction also does not yet address plaintiffs' post-donning walking claim which the Supreme Court held to be compensable as a matter of law in *IBP v. Alvarez*, 546 U.S. at 37. The Court held that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity . . . is covered by the FLSA." *IBP v. Alvarez*, 546 U.S. at 37. Such walking time is compensable as part of the "continuous workday", not because it is "work" or a "principal activity" in its own right. *IBP v. Alvarez*, 546 U.S. at 37, 40. This is exactly the same walking time that was not compensated at the current IBP-Tyson plant in Storm Lake, Iowa before February 7, 2007. *See Stipulation* nos. 34 and 40 (Doc. 160-1).[2]

---

[2] Because it has been stipulated that nothing was paid for such walking time before February 4, 2007, there is no issue to be decided by the jury regarding Tyson's liability for the plaintiffs' *Alvarez*-based walking time claim. Tyson has stipulated that before February 4, 2007 it did not pay employees for the walking time following such compensable activities which the Supreme Court held to be compensable as a **matter of law** in *IBP v. Alvarez*, 546 U.S. 21, 37, 40 (2005). Tyson stipulated that "[o]n February 4, 2007, the company **added** its calculation of the pre- and post-shift walking time at the Storm Lake facility to the amount of time employees in various job positions were determined in 1998 to spend performing the various pre- and post-shift activities." *Stipulation* no. 34 (Doc. 160-1) (emphasis added). *Stipulation* no. 40 reiterates that "[s]tarting February 4, 2007, K code time was paid only to employees who used a knife, but the number of minutes was **increased** to cover the time spent walking before shift from the locker room to the production floor, and walking after shift from the wash station to the locker room." *Stipulation* no. 40 (Doc. 160-1) (emphasis added). It is undisputed that such walking time was not compensated prior to February 4, 2007. *Id.*

Respectfully submitted,

| | |
|---|---|
| Brian P. Mccafferty | /s/ Robert L. Wiggins, Jr. |
| Kenney & McCafferty | Robert L. Wiggins, Jr. |
| 3031 C Walton Road, Suite 202 | WIGGINS, CHILDS QUINN & PANTAZIS LLC |
| Plymouth Meeting, P A 19462 | The Kress Building |
| (610) 940-0327 | 301 North 19th Street |
| (610) 940-0284 (facsimile) | Birmingham, Alabama 35203 |
| | (205) 314-0500 |
| | (205) 254-1500 (facsimile) |
| | |
| Michael Hamilton | Roger K. Doolittle |
| Provost Umphrey Law Firm, LLP | 460 Briarwood Drive, Suite500 |
| 2021 Richard Jones Road, Suite 300 | Jackson, MS 39206 |
| Nashville, TN 37215 | (601) 957-9777 |
| (615) 242-0199 | (601) 957-9779 (facsimile) |
| (615) 256-5922 (facsimile) | |
| | |
| Kathryn M.Engdahl | Jay M. Smith |
| Metcalf, Kaspari, Engdahl & Lazarus, P.A. | Smith & McElwain Law Office |
| 333 Parkdale Plaza | 530 Frances Building, 505 Fifth Street |
| 1660 South Highway 100 | P.O. Box 1194 |
| Minneapolis, MN 55416-1573 | Sioux City, Iowa 51102 |
| (312) 239-0524 | Telephone: 712/255-8094 |
| (800) 845-1962 (facsimile) | Fax: 712/255-3825 |

Attorneys For Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing on counsel via electronic mail delivery of same, properly addressed, to the following:

Allison Dana Balus
Baird Holm, LLP
1500 Woodmen Tower
Omaha, NE 68102

Evangeline C. Paschal
Hunton & Williams, LLP
2200 Pennsylvania Ave., N.W,
Washington, DC 20037

Emily Burkhardt Vicente
Emily L. Aldrich
Hunton & Williams, LLP
550 South Hope Street
Suite 2000
Los Angeles, CA 90071

Steven D. Davidson
Baird Holm McEachen Pedersen
Hamann & Strasheim
1500 Woodmen Tower
Omaha, NE 68102

David J. Kramer
Baird Holm LLP
1500 Woodmen Tower
Omaha, NE 68102

Michael J. Mueller
Hunton & Williams LLP
2200 Pennsylvania Ave N.W.
Washington, DC 20037

Richard J. Sapp
Ryan Koopmans
Frank B. Harty
Nyemaster, Goode,
Hansell & O'brien, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899

      This 8th day of September, 2011.

      /s/ Robert L. Wiggins, Jr.