IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| PEG BOUAPHAKEO, MARIO MARTINEZ, JAVIER FRAYRE, HERIBENTO RENTERIA, JESUS A. MONTES, and JOSE A. GARCIA, individually and on behalf of others similarly situated, | ‖ | |
| Plaintiffs, | ‖ | No. 5:07cv04009-JAJ |
| vs. | ‖ | |
| TYSON FOODS, INC., | ‖ | **FINAL INSTRUCTIONS TO THE JURY** |
| Defendant. | ‖ | |

_____

1

# INSTRUCTION NO. 1

# INTRODUCTION / DUTIES / BURDEN

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence.

Counsel will quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you of course are to be governed by the instructions.

You are not to judge the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

Whenever a party must prove something, they must do so by the preponderance of the evidence. Preponderance of the evidence is evidence that is more convincing than opposing evidence. Preponderance of the evidence does not depend upon the number of witnesses testifying on one side or the other.

The fact that the defendant in this lawsuit is a corporation should not affect your decision. All persons are equal before the law and corporations are entitled to the same fair and conscientious decision by you as any other person.

# INSTRUCTION NO. 2
## EVIDENCE

You shall base your verdict only upon the evidence and these instructions. The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated. The parties have stipulated or agreed that certain facts are true. You must therefore treat those facts as having been proved.

Evidence may be direct or circumstantial. The weight to be given any evidence is for you to decide. The following are not evidence: (1) statements, arguments, questions and comments by the lawyers; (2) objections and rulings on objections; and (3) anything that you saw or heard about this case outside the courtroom.

You will decide the facts from the evidence. Consider the evidence using your observations, common sense and experience. You must try to reconcile any conflicts in the evidence; but, if you cannot, you will accept the evidence you find more believable. In determining the facts, you may have to decide what testimony you believe. You may believe all, part or none of any witness's testimony. There are many factors which you may consider in deciding what testimony to believe, for example: (1) whether the testimony is reasonable and consistent with other evidence you believe; (2) the witness' appearance, willingness and ability to answer questions, conduct, intelligence, memory and knowledge of the facts; (3) whether the witness has given statements in the past that are inconsistent with his or her testimony at trial; and (4) the witness' interest in the trial, their motive, candor, bias and prejudice.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been impeached and thus discredited, it is your

exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

### **Expert Witness**

You have heard testimony from persons described as experts. Persons who have become experts in a field because of their education and experience may give their opinion on matters in that field and the reasons for their opinion.

Consider expert testimony just like any other testimony. You may accept or reject it. You may give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in the case.

### **Representative Evidence**

The named plaintiffs bring this case on behalf of themselves and others. In order for non-testifying members of the class to recover, the evidence must establish that they suffered the same harm as a result of the same unlawful decision or policy. You may not award damages to non-testifying members of the class unless you are convinced by the preponderance of the evidence that they have been underpaid.

Both parties have presented various types of evidence, including stipulations of fact, documents and live testimony of hourly employees, supervisors, experts, and video clips. Not all affected employees need testify for plaintiffs to prove their claims. Rather, if some employees testify about the activities they performed or the amount of unpaid time they worked, other non-testifying employees who performed substantially

similar activities are deemed to have shown the same thing by inference. This kind of evidence called "representative evidence."

There is no bright-line rule as to the percentage of representative employees necessary; rather, the weight to be accorded the evidence is a function not of its quantity, but of its quality - whether the testimony covers similarly situated workers, and is generally consistent. You may also consider whether the witnesses who testified worked in or with similar positions and similar departments as the non-testifying employees, whether they wore similar sanitary and protective items, whether the testifying employees performed donning and doffing activities similar to non-testifying employees, whether the witnesses who testified had the opportunity or ability to observe the non-testifying employees, and whether there was evidence presented that either was consistent with or was inconsistent with the testimony of the testifying witnesses. The representative evidence, as a whole, must demonstrate that the class is entitled to recover.

# INSTRUCTION NO. 3
# SUMMARY OF CLAIMS

This is a civil case brought by plaintiffs, on behalf of themselves and other individuals similarly situated as plaintiffs, against the defendant, Tyson Foods, Inc.

Plaintiffs bring their lawsuit pursuant to the Fair Labor Standards Act, referred to in these instructions as the "FLSA" and the Iowa Wage Payment Collection Act. Under both the FLSA and the Iowa Wage Payment Collection Act, an employer must pay overtime compensation in any workweeks in which an employee has more than 40 "hours worked," as defined in Instruction No. 4. Overtime compensation must be paid at a rate at least one and a half times the employee's regular rate of pay for all hours worked in excess of 40.

First, plaintiffs claim that the donning and doffing of hard hats, work boots, hair nets, frocks, aprons, gloves, whites, and ear plugs constitutes compensable "work." Defendant denies that such activities constitute "work" as defined in the FLSA and contends that it is not liable for it because the activity is "preliminary" and "postliminary" activity and because it is "de minimis" or miniscule.

Second, plaintiffs claim that they are entitled to compensation during their meal period because they donned and doffed clothing and cleaned equipment during this time. Defendant claims that plaintiffs' meal break donning and doffing is not compensable because it is a "bona fide meal period."

Finally, the plaintiffs claim that the amount of compensation paid by the defendant for non-gang time activities was inadequate (whether that be for the items in their first claim or the items for which "K-Code" has been paid). Defendant contends that it has fully compensated plaintiffs for all such activities. You will decide whether the amount paid by the defendant for these activities fully compensated the plaintiffs.

You are instructed that when an employer knows or has reason to believe that "work" under the FLSA is being performed, it is the responsibility of the employer to compensate employees for such work, even if that work was not specifically requested

by the employer to be performed. An employer cannot sit back and accept the benefits of such work without compensating employees for it. It is the duty of management to exercise control and make sure that work is not performed if it does not want it to be performed.

You are further instructed that employees cannot waive their rights under the FLSA. This means that an employee does not lose any right he or she may have to back wages by failing to complain to his or her employer or by any other action.

The plaintiffs in this case make no claim for the time that they were actually on the production line handling the meat at the Storm Lake facility, also known as "gang time." Basing hourly pay in whole or in part on gang time is permissible and the legality of "gang time" is not at issue in this case.

# INSTRUCTION NO. 4
## FAIR LABOR STANDARDS ACT - ELEMENTS

Your verdict must be for plaintiffs and against defendant on plaintiffs' FLSA claim if all of the following elements have been proved. The plaintiffs must prove:

*First*, plaintiffs were employed by the defendant during the time period involved; and

*Second*, defendant failed to pay plaintiffs overtime pay for all hours worked by plaintiffs in excess of 40 in one or more workweeks.

# INSTRUCTION NO. 5
# FAIR LABOR STANDARDS ACT - DEFINITIONS

### Hours Worked

The first issue you will have to decide is whether donning and doffing hard hats, work boots, hair nets, frocks, aprons, gloves, whites, and ear plugs are "work" within the meaning of the FLSA. The phrase "hours worked" as used in Instruction No. 4 includes all time spent by an employee that involves physical or mental exertion (whether burdensome or not), controlled or required by, and done primarily for the benefit of the employer or the employer's business. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed. When deciding whether an activity is work, it makes no difference how easy or difficult the activity is. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his or her own purposes are not "hours worked."

### Portal-to-Portal Act – Preliminary and Postliminary Activities

The Portal-to-Portal Act is part of the FLSA. It is an exception to the general rule that an employer must pay for all hours worked. It provides that employers are not required to pay overtime for activities which are preliminary to (before) an employee's first "principal activity" of the day or postliminary to (after) an employee's last principal activity of the day.

A "principal activity" is any work that is both integral and indispensable to the production work for which the employee is employed. To determine whether an activity is integral and indispensable, you must find that (1) the activity is required by the employer; (2) the activity is necessary to the employee's principal activities; and (3)

it is for the primary benefit of the employer. When integral and indispensable activities occur pre-shift or post-shift, only the time reasonably spent is compensable.

### **Continuous Workday**

The continuous workday is the period between the commencement and the completion on the same workday of an employee's principal activity or activities.

In general, an employer is required to compensate its employees for their time, beginning when the employee performs the first principal activity of the workday. Pre and post shift activities that are work and that are integral and indispensable to the production work performed by employees are considered principal activities. Only time reasonably spent after the employee engages in the first principal activity and before the employee finishes his or her last principal activity is part of a continuous workday and is compensable under the FLSA.

### **Walking Time**

You are also instructed that an employees' activities including walking time to their department at the start of a shift and the return from their department at the end of a shift, is compensable when it either follows the first principal activity or first activity that is integral and indispensable to a principal activity or comes before the last principal activity or activity that is integral and indispensable to a principal activity.

### **Bona Fide Meal Periods**

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be relieved from duty for the purpose of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period.

The plaintiffs have the burden to prove that they are entitled to mealtime compensation. Whether an employee is entitled to mealtime compensation depends on

whether the meal period as a whole was spent "predominantly for the benefit of the employer" or whether the employee was able to use the meal period effectively for his or her own purposes. The continuous workday described above does not include time spent during a bona fide meal period. A meal period that is interrupted by work is only compensable if the interruption causes employees to spend their meal period primarily for the benefit of the employer.

### **Short Breaks**

The FLSA does not require an employer to provide an employee with breaks during the workday. However, you have heard evidence that Tyson provides its employees with a paid 15 minute break. Payment for the time employees are on these breaks cannot offset any damages for uncompensated "work."

# INSTRUCTION NO. 6
## DE MINIMIS

Defendant is required to pay for all compensable work unless it proves by a preponderance of the evidence that the work is what is referred to as "de minimis" or minuscule. The defendant contends that even if the donning and doffing of items at issue in this case constitutes "work," it is not compensable because it occupies such a short period of time.

The "de minimis" rule is concerned with the practical administrative difficulty of recording small amounts of time for payroll purposes. Employers must compensate employees for even small amounts of time, unless the time is so minuscule that it cannot as a practical administrative matter be recorded for payroll purposes. When deciding whether time is "de minimis," all of the compensable time that was not paid during the day, including walking time, should be added together and you should also consider the aggregate size of the claim as a whole.

The following factors are considered in determining whether work activities are "de minimis":

(1) The practical administrative difficulty of recording the uncompensated time;

(2) The aggregate amount of uncompensated time; and

(3) The regularity of the uncompensated work.

Defendant must prove this defense by a preponderance of the evidence.

There is no precise amount of time that may be denied compensation as "de minimis." No rigid rule can be applied with mathematical certainty. Rather, common sense must be applied to the facts of this case.

# INSTRUCTION NO. 7

# IOWA WAGE PAYMENT COLLECTION LAW

The Iowa Wage Payment Collection Law is a law of the State of Iowa. The Iowa Wage Payment Collection law is meant to facilitate the public policy of allowing employees to collect wages owed to them by their employers.

For purposes of this trial, plaintiffs' claims under the Iowa Wage Payment Collection Law are duplicative of their claims under the FLSA. Although the Iowa claim applies to a larger number of employees and a shorter period of time than the federal claim, the elements of the Iowa claim, that is, what the plaintiffs must prove, are the same as the federal claim.

# INSTRUCTION NO. 8
# DAMAGES GENERALLY

If you find in favor of the plaintiffs on one or more of their claims, then the plaintiffs are entitled to recover damages. Keep in mind that in determining damages, you must use your sound judgment based upon impartial consideration of the evidence. The amount you assess for any item of damage must not exceed the amount caused by the opposing party as proved by the evidence. In awarding damages, you must not engage in speculation, guess or conjecture. The damages must also have a reasonable basis in the evidence, but need not be proven with precision. Also, your judgment must not be exercised arbitrarily or out of sympathy or prejudice for or against the parties.

## QUOTIENT VERDICT

In arriving at an item of damage you cannot arrive at a figure by taking down an estimate of each juror as to an item of damage, and agreeing in advance that the average of those estimates shall be your item of damage.

## FLSA DAMAGES

With respect to plaintiffs' first claim, that is, the compensability of donning and doffing standard or non-unique sanitary items, if you find that plaintiffs have proven their claim, and that the defendant has failed to prove that the plaintiffs' donning and doffing of standard sanitary items was *de minimis*, then you must turn to the question of damages.

With respect to plaintiffs' second claim, the compensability of time spent during the meal period donning, doffing, and sanitizing clothing and equipment, if you find that the plaintiffs have proved their claim, and that it was not a bona fide meal period, then you must turn to the question of damages.

Finally, with respect to plaintiffs' final claim, the adequacy of the compensation paid for donning, doffing, and sanitizing clothing and equipment, if you find for plaintiffs on this claim, and the defendant has not proved its *de minimis* defense, then you must turn to the question of damages.

The law requires employers to make and keep records of wages, hours, and conditions of employment but it does not require employers to use time clocks. If the employer does not keep records of the amount of time spent on the activities at issue, plaintiffs carry their burden to prove damages if they prove that the employees have in fact performed work for which they were not paid and produce sufficient evidence to show the amount and extent of such work as a matter of just and reasonable inference.

The burden then shifts to the defendant to come forward with evidence of the precise amount of uncompensated work performed or with evidence to negate the reasonableness of the inference to be drawn from plaintiffs' evidence. If the defendant fails to produce such evidence, you may then award damages to the employees even though those damages will only be approximate.

Any employee who has already received full compensation for all activities you may find to be compensable is not entitled to recover any damages. If you find that such compensation was not sufficient to cover all of the activities at issue, all uncompensated work should be taken into account in calculating damages.

Again, the overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek, times one and one-half the regular rate for the workweek.

In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing defendant.

# INSTRUCTION NO. 9

## DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. Your verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you each in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

**DATED** this 23rd day of September, 2011.

> _____
> JOHN A. JARVEY
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF IOWA