# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| PEG BOUAPHAKEO, et al., | * | CIVIL NO.  5:07-cv-04009-JAJ-TJS |
| | * | |
| Plaintiffs, | * | |
| | * | **ORDER DENYING IN PART** |
| vs. | * | **AND GRANTING IN PART** |
| | * | **DEFENDANT TYSON** |
| TYSON FOODS, INC, | * | **FOODS, INC.'S MOTION** |
| | * | **FOR PROTECTIVE ORDER** |
| Defendant. | * | |

## I. Introduction

Following a jury verdict for Plaintiffs in a FLSA class action suit against defendant Tyson Foods, Inc. ("Tyson"), Plaintiffs petitioned for attorneys' fees and costs. (Dkt. No. 322). Tyson resisted Plaintiffs' petition for attorneys' fees and costs on several grounds. (Dkt. No. 331). In response, Plaintiffs served Tyson with a request for discovery of all documents related to the attorneys' fees and costs associated with its defense in this litigation. (Dkt. No. 340-5). Plaintiffs did not file a motion to reopen discovery before serving Tyson with its request. Tyson filed a motion for a protective order precluding such discovery. (Dkt. No. 340). For the following reasons, the Court grants in part and denies in part Tyson's motion for a protective order.

## II. Background

Tyson resists Plaintiffs' requests for recovery of both attorneys' fees and costs. It resists Plaintiffs' request for attorneys' fees in three ways: first, it challenges Plaintiffs' inclusion of certain line items that Tyson argues should be excluded from the "lodestar" as

a matter of law (Def. Res., Dkt. No. 331, 12-23); second, it challenges the reasonableness of the hourly rates Plaintiffs assign to each attorney (id. at 26-37); third, it argues that the entirety of the lodestar should be adjusted down for several reasons, including Plaintiffs' unsuccessful and dropped claims and the vagueness of their attorneys' time entry descriptions (id. at 23-26, 47-49). Tyson does not challenge the reasonableness of the number of hours Plaintiffs use in their calculation of the lodestar.

Tyson also resists Plaintiffs' claimed costs: Tyson argues that some of the claimed costs belong neither to the category of recoverable costs under 28 U.S.C. § 1920, nor to the category of "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, [which are therefore includable] as part of the reasonable attorneys' fees awarded." (Id. at 50-51 (citing Pinkham v. Camex, Inc., 84 F.3d 292 (8th Cir. 1996)).

Plaintiffs argue that discovery of Tyson's attorneys' fees and costs is appropriate because, in its resistance, Tyson "attack[s] Plaintiffs' counsel's requested hourly rates and number of expanded hours in this case," and therefore Tyson's attorneys' rates and hours are relevant to settling the dispute. (Pl. Resp. in Opp. to Tyson's Mtn. for Prot. Order, Dkt. No. 342, 1).

**III. Discussion**

As an initial matter, the Court notes that Plaintiffs should not have served their request for discovery on Tyson without the Court's permission. Local Rule of Civil Procedure 16(f) allows "deadlines established by the Rule 16(b) and 26(f) scheduling order and discovery plan [to be] extended only upon written motion and a showing of good cause." Discovery in this case concluded June 1, 2011. (Order, Dkt. No. 181). Since the discovery plan did not

contemplate any post-trial discovery (Sched. Order & Disc. Plan, Dkt. No. 23), and the Court has not opened the door for post-trial discovery since that time, Local Rule 16(f) required that Plaintiffs submit a written motion to this Court asking leave to reopen discovery before serving their discovery request on Tyson. In an effort to expedite these proceedings, the Court will overlook Plaintiffs' procedural mistake and reach the question of the protective order on the merits.

In Burks v. Siemens Energy & Automation, Inc., the Eighth Circuit Court of Appeals found that it was not an abuse of discretion for the district court to decline to consider defense counsel's fees and costs in its award of attorneys' fees to the plaintiff. 215 F.3d 880, 884 (8th Cir. 2000). The Eighth Circuit commented that "such an apples-to-oranges comparison is not required by law and would not be advisable . . . [because it] would require the trial court to first determine whether the defendant's counsel billed a reasonable amount." Id. Tyson relies upon this holding to argue that Plaintiffs are not entitled to any discovery for their attorneys' fees and costs.

Plaintiffs, on the other hand, rely upon an opinion authored by U.S. District Court Judge John A. Jarvey (then Magistrate Judge for the Northern District of Iowa) before Burks was decided. In Murray v. Stuckey's Inc., Judge Jarvey found that limited discovery of a defendant's attorneys' fees was appropriate when the defendants resisted plaintiff's petition for fees and costs on the basis of the reasonableness of both the number hours billed and the hourly rates charged. 153 F.R.D. 151, 153 (N.D. Iowa 1993). Judge Jarvey limited the scope of discovery to fees and costs that would be relevant to the challenges raised in the defendant's resistance, including discovery on the number of hours devoted by defendant's

attorneys to the claims on which the plaintiffs prevailed and discovery on the defendants' attorneys' hourly rates, but only "to the extent that those rates reflect[ed] 'the prevailing market rates in the relevant community.'" Id.

In light of these authorities, the Court concludes that some limited discovery is appropriate to the extent that it aids this Court in resolving the challenges raised in Tyson's resistance to Plaintiffs' petition for fees and costs. Since Tyson limited its challenge to the reasonableness of Plaintiffs' attorneys' fees to the hourly rates used (and did not challenge the reasonableness of the number of hours billed), this Court limits discovery with respect to attorneys' fees to Tyson's attorneys' hourly rates "to the extent that those rates 'reflect the prevailing market rates in the relevant community.'" Murray, 153 F.R.D. at 153.

Eighth Circuit law is well settled on the point that the "relevant community" for the purposes of determining attorneys' hourly rates is the community in which the case is tried. Avalon Cinema Corp. v. Thompson, 689 F.2d 137 (8th Cir. 1982); see also H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (approving of district court's refusal to use national rate); Jorstad v. IDS Realty Trust, 643 F.2d 1305, 1313 (8th Cir. 1981) (rejecting a national rate). However, a "national rate" may be appropriate if Plaintiffs can show "in spite of [their] diligent, good faith efforts, [they were] unable to find local counsel able and willing to take the case." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001) (citing Avalon). Tyson provides a lengthy discussion in its resistance arguing that Plaintiffs made no efforts to find local counsel, and therefore are not entitled to a national rate. (Def. Res., Dkt. No. 331, 26-45). Plaintiffs have not yet replied to Tyson's resistance; however, the examples Tyson provides of local counsel who have successfully tried FLSA cases in the past are compelling

(id. at 33-35), and it seems unlikely that Plaintiffs will be able to convincingly show that they were unable to find adequate local counsel. Therefore the only hourly rates for Tyson's attorneys that would be relevant to determining the hourly rates of the "relevant community" would be those attorneys who practice close to the litigation forum of Sioux City, IA.

## IV. Conclusion

For the reasons discussed above, this Court denies in part the motion for a protective order (Dkt. No. 340) and will allow the discovery of the hourly rates of Tyson's defense counsel, including attorneys, paralegals, and legal assistants, who practice in Des Moines, IA and Omaha, NE.  Tyson shall produce to Plaintiffs an affidavit setting forth those rates as they existed during the litigation of this matter by February 15, 2013.  This Court grants in part the motion for a protective order with respect to all remaining discovery requested by Plaintiffs.

Further, the deadline for Plaintiffs' reply to Tyson's resistance (Dkt. No. 331) to the petition for fees and costs had been suspended pending this Court's ruling on the motion for a protective order. The deadline for that reply is hereby set for March 1, 2013.

IT IS SO ORDERED.

Dated January 30, 2013.

_____

THOMAS J. SHIELDS
UNITED STATES MAGISTRATE JUDGE